United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

J&J SPORTS PRODUCTIONS, INC., Plaintiff, v. LEE DUONG, et al., Defendants.

Case No.: 13-CV-02002-LHK

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEYS' FEES AND COSTS

Plaintiff J&J Sports Productions, Inc. ("Plaintiff") brought this action against Defendants Lee Duong, individually and doing business as Nha Em, and Satom, LLC, an unknown business entity doing business as Nha Em (collectively, "Defendants"), arising from Defendants' allegedly unauthorized public exhibition of a televised sporting event. Before the Court is Plaintiff's Motion for Attorneys' Fees and Costs. *See* Pl.'s Mot. Attys' Fees and Costs. ("Mot."), ECF No. 22. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for determination without oral argument. Accordingly, the hearing set for May 22, 2014, at 1:30 p.m. is VACATED. For the reasons discussed below, the Court hereby GRANTS IN PART AND DENIES IN PART Plaintiff's Motion for Attorneys' Fees and Costs.

## I. BACKGROUND

Plaintiff J&J Sports Productions, Inc. is a sports and entertainment programming distributor, and alleges it secured the exclusive domestic commercial distribution rights to

broadcast the "Floyd Mayweather, Jr. v. Miguel Cotto, WBA Super World Light Middleweight Championship Fight Program" (the "Program"), which telecast nationwide on May 5, 2012. *See* Compl., ECF No. 1, ¶ 16. Plaintiff then entered into sub-licensing agreements with various commercial entities throughout the United States, wherein it granted limited public exhibition rights to these entities in exchange for licensing fees. *See* Compl. ¶ 17. On May 5, 2012, investigator Gary Gravelyn observed the Program being displayed at Defendant's commercial establishment, Nha Em, located in San Jose, California. *See* Compl. ¶¶ 7-14; Mot. for Default J., ECF No. 17-1, at 2. Plaintiff alleges that Defendants intercepted the Program unlawfully, and intentionally exhibited it for the purpose of direct or indirect commercial advantage. *See* Compl. ¶¶ 19-20.

On May 1, 2013, Plaintiff filed this action against Defendants for: (1) violation of the Federal Communications Act of 1934, as amended, 47 U.S.C. §§ 605, *et seq.*; (2) violation of the Cable Television Consumer Protection and Competition Act of 1992, as amended, 47 U.S.C. §§ 553, *et seq.*; (3) conversion; and (4) violation of California Business and Professions Code §§ 17200. *See* Compl. On June 13, 2013, Plaintiff and Satom, LLC, reached a settlement. ECF No. 9. Satom, LLC, was subsequently dismissed from the case. ECF No. 15.

On August 13, 2013, the Clerk of the Court granted Plaintiff's request and entered default against Defendant Lee Duong. *See* ECF No. 14. On August 28, 2013, Plaintiff moved for default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. *See* ECF No. 17. On January 8, 2014, the Court granted Plaintiff's motion for default judgment. *See* ECF No. 21. The Court did not award attorneys' fees and costs at the time because Plaintiff's motion for default judgment did not specifically request for attorneys' fees and costs; nor did the motion for default judgment provide any evidence to support providing such an award. *Id*. at 8 n.3. Thus, the Court advised Plaintiff's counsel that if Plaintiff's counsel "wishes to recover attorney's fees and costs, [Plaintiff's counsel] must file an affidavit and supporting documentation within 30 days of [the] Order, including a curriculum vitae or resume as well as billing and cost records to justify such an award." *Id.*

On February 7, 2014, Plaintiff filed its Motion for Attorneys' Fees and Costs. ECF No. 22.

No opposition was filed.

## II. DISCUSSION

### A. Attorneys' Fees

Reasonable attorneys' fees are recoverable under both 47 U.S.C. § 605(e)(3)(B)(iii) and 47 U.S.C. § 553(c)(2)(C). The court determines the amount of reasonable attorneys' fees by applying the "lodestar" method. *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001). The lodestar is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate. *Id*.

"In determining reasonable hours, counsel bears the burden of submitting detailed time records justifying the hours claimed to have been expended." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A district court should also exclude from the lodestar fee calculation any hours that were not "reasonably expended," such as hours that are excessive, redundant, or otherwise unnecessary. *See id.* at 433-34; *see also J & J Sports Prods., Inc. v. Napuri*, No. C 10-04171 SBA, 2013 U.S. Dist. LEXIS 116238, at *4 (N.D. Cal. Aug. 15, 2013).

Next, "the district court must determine a reasonable hourly rate, considering the experience, skill, and reputation of the attorney requesting fees." *Chalmers*, 796 F.2d at 1210. Reasonable hourly rates are calculated by reference to "prevailing market rates in the relevant community," with a special emphasis on fees charged by lawyers of "comparable skill, experience, and reputation." *Davis v. City of San Francisco*, 976 F.2d 1536, 1545-46 (9th Cir. 1992), vacated in part on other grounds by 984 F.2d 345 (9th Cir. 1993). As a general rule, the forum district represents the relevant legal community. *See Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992); *see also Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (in determining the prevailing market rate, "generally, the relevant community is the forum in which the district court sits").

The fee applicant bears the burden of producing satisfactory evidence "that the requested rates are in line with those prevailing in the community for similar services by lawyers of

reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895, n.11 (1984). "Affidavits of the plaintiff['s] attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiff['s] attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of America v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

Here, Plaintiff requests a total of $2,002.50 in attorneys' fees based on 2.15 hours of work at an hourly rate of $450 performed by Thomas P. Riley ("Riley"), as well as 3 hours of work at an hourly rate of $150 performed by an unidentified paralegal ("PRL"), and 7.80 hours of work at an hourly rate of $75 performed by an unidentified administrative assistant ("AA"). Declaration of Plaintiff's Counsel Regarding Attorneys' Fees and Costs ("Riley Decl."), ECF 22-1, Ex. 1; *see also* Riley Decl. ¶ 7 (providing the description of the acronyms used in the billing records). Riley declares that an unidentified research attorney ("RSA") and an unidentified associate attorney ("ASC") performed work on this case. Riley Decl. ¶ 7. However, there is no evidence that the independent research attorney and associate attorney actually worked on the case. The chart describing the services rendered and hours billed shows entries for only Riley, a paralegal, and an administrative assistant. *See* Riley Decl., Ex. 1. There are no time entries for the independent research attorney (RSA) or the associate attorney (ASC). *See id*.

In support of its fee request, Plaintiff submitted the declaration of Riley and a chart describing the services rendered and hours billed. Riley Decl., Ex. 1. However, the entries in the chart are not based on contemporaneous billing records; instead, "[b]illable hours for legal services [were] reconstructed by way of a thorough review of the files themselves" after services were rendered. *See* Riley Decl. ¶ 6. Riley declares that, "[h]aving handled thousands of commercial signal privacy files over the last decade and a half, we are most capable of calculating billable hours for legal services rendered. Our rates for legal, administrative, and paralegal time are well within the prevailing market rates for the Central District of California." *Id*. Riley further states that he has been practicing law for "over two decades" and that his firm has specialized in the civil prosecution of commercial signal piracy claims since 1994. *Id*. ¶¶ 3-4.

However, "[a]bsent the submission of detailed contemporaneous time records justifying the

**United States District Court**
For the Northern District of California

hours claimed to have been expended on this case, the Court gives little weight to the figures provided by Plaintiff." *Napuri*, 2013 U.S. Dist. LEXIS 116238, at *6; *see also Joe Hand Promotions, Inc. v. Be*, No. 11-CV-01333-LHK, 2011 U.S. Dist. LEXIS 124057, at *17-18 (N.D. Cal. Oct. 26, 2011) ("Without actual billing records, . . . the Court gives little weight to . . . figures" in a chart "reconstructing" billable time); *Joe Hand Promotions, Inc. v. White*, No. C 11-01331 CW (JSC), 2011 U.S. Dist. LEXIS 148057, at *5 (N.D. Cal. Dec. 6, 2011) ("Because the billing records were not created contemporaneously, the Court finds that they are inherently less reliable."); *Zynga Game Network Inc. v. Erkan*, Case No. 09-3264 SC, 2010 U.S. Dist. LEXIS 97676, at *4 (N.D. Cal. Aug. 31, 2010) (denying motion for attorney's fees where plaintiff failed to attach "actual billing records").

Moreover, Plaintiff's showing with respect to the hourly rates charged by the attorney, paralegal, and administrative assistant that worked on this case is inadequate. Plaintiff has made no effort to demonstrate that the hourly rates charged are reasonable in the Northern District of California. Instead, Riley simply asserts that the rates charged for "legal, administrative, and paralegal time" are "well within the prevailing market rates for the Central District of California," and attaches the Laffey Matrix to support this assertion, which establishes the prevailing market rates in the "District of Columbia."[1] *See* Riley Decl. ¶ 6 and Ex. 2. However, the Northern District of California—not the Central District of California or the District of Columbia—is the "relevant community" for purposes of determining whether the hourly rates charged in this case are reasonable. *See Gates*, 987 F.2d at 1405.

Plaintiff has not submitted an affidavit from any attorney that worked on this case or from any other attorney attesting to the prevailing rates in the Northern District of California for similar services by lawyers of reasonably comparable skill, experience and reputation. *See Davis*, 976 F.2d at 1546. Similarly, Plaintiff has not submitted any evidence of hourly rate determinations in

---

[1] The Ninth Circuit has questioned the relevance of the Laffey Matrix to determining a reasonable rate in the Bay Area. *See Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010) ("But just because the Laffey matrix has been accepted in the District of Columbia does not mean that it is a sound basis for determining rates elsewhere, let alone in a legal market 3,000 miles away. It is questionable whether the matrix is a reliable measure of rates even in Alexandria, Virginia, just across the river from the nation's capital.").

**United States District Court**
For the Northern District of California

other such cases in the Northern District of California setting the rate for the attorneys seeking fees. *See Phelps Dodge Corp.*, 896 F.2d at 407; *see also Napuri*, 2013 U.S. Dist. LEXIS 116238, at *7. Attorney Riley's declaration, without any supporting evidence, fails to meet Plaintiff's burden to establish that the rate sought is the prevailing market rate for the Northern District of California.

Moreover, Plaintiff has failed to provide any information as to the prevailing market rate for paralegals and whether it is the prevailing practice in the Northern District of California to separately bill for paralegal work. *See Trustees of Const. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1257 (9th Cir. 2006) ("fees for work performed by non-attorneys such as paralegals may be billed separately, at market rates, if this is the prevailing practice in a given community.") (internal quotation omitted).

Plaintiff has also failed to provide the Court with any information as to billing practices in the Northern District of California regarding administrative work and whether such fees are not subsumed within the overhead expenses of a law firm. *See Joe Hand Promotions, Inc. v. Albright*, No. CIV 2:11-2260 WBS CMK, 2013 U.S. Dist. LEXIS 114378, at *9-10 (E.D. Cal. Aug. 12, 2013). "To recover for such tasks, plaintiff must show that such expenses are not subsumed in the attorney's hourly rate and that billing secretarial expenses separately is the prevailing practice in this forum." *Albright*, 2013 U.S. Dist. LEXIS 114378, at *9-10 (citing *Trustees of Const. Indus. & Laborers Health & Welfare Trust*, 460 F.3d at 1257).

Additionally, other than Riley's conclusory assertion that the rates charged "are comparable to rates for specialized litigation law firms," Riley Decl. ¶ 5, Plaintiff offers no information or documentation justifying the rates requested, such as a curriculum vitae or resume for any of the individuals who worked on this case. Plaintiff also offers no information as to the actual billing rates that paying clients, if any, pay for the services of these individuals.

Accordingly, the Court concludes that Plaintiff has failed to carry its burden to demonstrate that the requested fee award is reasonable.[2]

[2] The Court has found various billing entries that appear to be unnecessarily duplicative or excessive in the amount of time spent on the stated activity. At this juncture, the Court will not address these findings given Plaintiff's insufficient showing regarding the amount of attorneys' fees requested. However, the Court advises Plaintiff that in the event it elects to submit additional information in support of its attorneys' fee request, Plaintiff should endeavor to eliminate all hours

**B.     Costs**

Section 605 requires that the court award "full costs . . . to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii); *see* 47 U.S.C. § 553(c)(2)(C) (A court may "direct the recovery of full costs . . . to an aggrieved party who prevails."). Plaintiff seeks $1,213.843 in costs, including: (1) $650 for investigative expenses; (2) $400 for the complaint filing fee; (3) $13.43 for photocopying charges; and (4) $150 for service of process charges. Riley Decl. Ex. 1. Plaintiff, however, provides no authority for the recovery of its investigative fees, and courts have refused to award pre-filing investigation fees to the prevailing party. *See, e.g., Joe Hand Promotions Inc. v. Piacente*, No., Case No. C-10-3429 CW (JCS), 2011 U.S. Dist. LEXIS 60676, at *25-26 (N.D. Cal. April 11, 2011); *J & J Sports Productions, Inc. v. Schrader Restaurant Corp.*, 485 F.Supp.2d 422, 424 (S.D.N.Y. 2007). Further, Plaintiff provides no documentation to support the amount sought for the photocopying charges and the service of process charges. Accordingly, the Court will only allow reimbursement for costs in the amount of $400, which consists of the filing fee. *See* Civ. L.R. 54-3; *See* ECF No. 1-2.

**III.    CONCLUSION**

For the reasons discussed above, Plaintiff's Motion for Attorneys' Fees and Costs is GRANTED IN PART AND DENIED IN PART. Plaintiff's request for attorneys' fees is DENIED without prejudice. Plaintiff's request for costs for $400.00 for the complaint filing fee is GRANTED. Plaintiff's request for costs for investigative expenses, photocopying charges, and service of process charges is DENIED with prejudice.

Plaintiff may submit additional documentation supporting its request for attorneys' fees by no later than seven (7) days from the date this Order is filed. The Court warns Plaintiff that the failure to timely file additional documentation addressing the deficiencies discussed above will result in the denial of its request for attorneys' fees with prejudice.

**IT IS SO ORDERED.**

---

from the fee calculation that are excessive, redundant, or otherwise unnecessary, i.e., hours that were not "reasonably expended" on this litigation.

**United States District Court**
For the Northern District of California

Dated: April 14, 2014

LUCY H. KOH
United States District Judge